## Ex parte CLARK.

(District Court, E. D. New York. March 14, 1921.)

1. **Army and navy** ⬤⟹44(1)—**Deserter of marine regiment detached for military service is triable by naval court-martial.**

   Under Act Aug. 29, 1916, providing that a marine detached for military service may be tried by a naval court-martial after such detachment ceases, a marine who deserted from a regiment with the American military forces in Germany, and was apprehended and delivered to the commandant of a navy yard, may be tried for the desertion by a naval court-martial.

2. **Army and navy** ⬤⟹44(2)—**Deserting marine may be tried after expiration of enlistment.**

   Under Articles of War, art. 39 (Comp. St. § 2308a), providing that any period during which, by reason of some manifest impediment, the accused is not amenable to military justice, shall be excluded in computing the period of limitation, a marine who deserted from his regiment while it was in Germany, and was not apprehended until after the time of his enlistment would have expired, can be tried for his desertion; his concealment being a manifest impediment within the statute.

Application by Jennie H. Clark for writ of habeas corpus to procure the release from custody of Lewis B. Clark, Jr. Writ dismissed.

Emery C. Weller, of New York City, for relator.

Leroy W. Ross, U. S. Atty., and Henry J. Walsh, Asst. U. S. Atty., both of Brooklyn, N. Y., for respondent.

GARVIN, District Judge. On June 16, 1919, while attached to the Sixth Regiment of Marines with the American forces in Germany the relator deserted. He had enlisted with the United States Marine Corps on October 13, 1916, for a term of four years. Subsequent to his desertion, and shortly after his term of enlistment would have expired, the French authorities surrendered him to the American Army at Paris. He was then delivered by the military authorities to the custody of the commandant of the United States Navy Yard at New York, N. Y., and a naval court-martial was convened to try him for his act of desertion.

[1] A writ of habeas corpus was obtained, and the claim is advanced in his behalf that the act of desertion with which he is charged is triable by a military court-martial, and not by the naval authorities. This question appears to be settled by Act Cong. Aug. 29, 1916 (39 Stat. 651), whereby it is provided that—

"An officer or soldier of the Marine Corps, when so detached, may be tried by military court-martial for an offense committed against the laws for the government of the naval service prior to his detachment, and for an offense committed against these articles [Articles of War] he may be tried by a naval court-martial after such detachment ceases." Comp. St. § 2308a, art. 2.

The relator was subject to the Articles of War as the result of his detachment. His desertion from the army was a violation of article 58 of the Articles of War, which provides that an officer or soldier who is

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

guilty thereof may be tried by a court-martial. A member of the Marine Corps may be tried by a naval court-martial (39 Stat. 651, supra), after his detachment ceases, for an offense committed against the Articles of War during the period of his detachment. In this case the relator is now subject to the naval authorities, and therefore he may be tried by a naval court-martial.

[2] There is no merit in the contention that the naval authorities have no jurisdiction over the relator, because his term of enlistment had expired before proceedings against him had been begun. The Articles of War provide (article 39):

As to time: "Except for desertion committed in time of war, or for mutiny or murder, no person subject to military law shall be liable to be tried or punished by a court-martial for any crime or offense committed more than two years before the arraignment of such person: Provided, that for desertion in time of peace or for any crime or offense punishable under articles ninety-three and ninety-four of this Code the period of limitations upon trial and punishment by court-martial shall be three years: Provided further, that the period of any absence of the accused from the jurisdiction of the United States, and also any period during which by reason of some manifest impediment the accused shall not have been amenable to military justice, shall be excluded in computing the aforesaid periods of limitation."

It is apparent that as relator had deserted and could not be found, during the period of his desertion there was such a "manifest impediment" in the way of bringing him to justice as would justify excluding the period of his desertion from any computation of the time within which a prosecution must be begun. I have carefully considered the decision of the Judge Advocate General in the Matter of George M. Runyon, dated December 29, 1920, and if the effect thereof is that a man may desert, remain in hiding until the time of his enlistment expires, and then escape all responsibility, I cannot agree with such a conclusion. The effect thereof upon the morale of army and navy alike would be disastrous. While there is no obligation to serve after the period of enlistment, it does not follow that conduct during that period may go unpunished for the reason assigned. If that were the law, it might be well urged that a court-martial has no power to imprison after the expiration of the enlistment.

The writ is dismissed, and the relator remanded to the custody of the respondent.