**MOSHER v. HUDSPETH, Warden.**

**No. 2330.**

Circuit Court of Appeals, Tenth Circuit.

Nov. 5, 1941.

Rehearing Denied Dec. 15, 1941.

William H. Biddle and Walter Biddle, both of Leavenworth, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

Appellant, a soldier in the United States Army of Occupation in Germany, was charged on February 28, 1920, with having committed on February 3, 1920, while in such service, the offense of violation of the 92nd Article of War (murder),[1] and having been duly arraigned and plea of not guilty entered, was tried by a general court martial, and on May 24, 1920, was found guilty and sentenced to be dishonorably discharged and to forfeit all pay and allowance due or to become due and to be confined at hard labor for the term of his natural life at such place as should be designated by the proper authority, the sentence to become final when approved on review.

Being confined in jail awaiting result of final action on review, he was charged with subsequent offenses under the 96th and 93rd Articles of War (escape and robbery)[2] committed before said sentence became final, and on arraignment made a plea of guilty as to the first count (escape) and not guilty as to the second count (robbery), and whilst still in military custody,

[1] 10 U.S.C.A. § 1564.

[2] 10 U.S.C.A. §§ 1568, 1565.

on June 20, 1920, after trial was found guilty of both offenses (escape and robbery) and sentenced to forfeit all pay or allowances due or to become due and to be dishonorably discharged from the service and to be confined at hard labor for 15 years at such place as directed by proper authority.

The order of the Commanding General in approving the sentence of May 24, 1920 (on murder conviction) and designating the place of confinement, recited that "the sentence will be directed in orders as of this date after the record of trial has been reviewed in the office of the Judge Advocate General or a branch thereof and jurisdiction retained to take any additional or corrective action that may be found necessary prior to or at the time of the publication of the court-martial order," and an order (on July 23, 1920) was issued that sentence having been so reviewed was approved, and the dishonorable discharge provides that "this is to certify that John Mosher hereby dishonorably discharged from the military service of the United States by reason of the sentence of a general court martial per general court martial No. 229, Headquarters, A. F. I. G., Dated July 23, 1920 * * *."

The sentences were directed to be served in the United States Penitentiary at Leavenworth, State of Kansas, where on application the life sentence was commuted under direction of the President to 30 years.[3]

Military prisoners held for punishment under previous sentences are subject to military law and trial by court martial for offenses committed during such imprisonment,[4] and the second sentence will be executed upon the expiration of the first.

In civil court procedure the practice to incorporate in the judgment that the sentence is to be consecutively or concurrently served is unknown to military judicial procedure.[5]

In the instant case as the petitioner was tried and convicted by a court martial, the sentences are governed by the military rather than the common or the statutory law. Civil courts cannot review the merits of cases tried in military tribunals. On habeas corpus. to obtain release from sentence of a court martial, there can be no discharge if the court had jurisdiction to try the offender for the offense and the sentence was one which the court under the law could pronounce.[6]

The contention by appellant that the board of clemency which recommended that the life sentence be commuted to thirty years must have, in the nature of things, intended that such thirty-year sentence would be the total sentence the appellant must serve under judgments of both courts-martial is without merit. The report of the clemency board shows that it was cognizant of the fact that appellant was serving a life sentence for murder and

[3] Report of Clemency Board:
"1. Mosher is now serving a life sentence for murder at Leavenworth Penitentiary, effective May 24, 1920.
"There is also a sentence for fifteen years, adjudged against Mosher on July 17, 1920, for escape and robbery, 3 offenses. * * *
"3. In view of all the circumstances, it is recommended that so much of the life sentence in this case as exceeds thirty years, be remitted."

[4] Kahn v. Anderson, Warden, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236; In re Craig, C.C., 70 F. 969; Ex parte Wildman, Kans. District, Fed.Cas. 17653a; In re Bogart, C.C., Fed.Cas. 1,596; United States v. Grimley, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636.

[5] Paragraph 401 of the Manual of Court Martial, 1917:—"When soldiers awaiting the result of trial or undergoing sentence commit offenses for which they are tried, the second sentence will be executed upon the expiration of the first, except that when the first sentence involves hard labor without confinement, and the second sentence hard labor with confinement, the second sentence will take precedence. If a soldier while awaiting the result of a trial that terminates in a sentence of confinement without dishonorable discharge, or while undergoing a sentence of confinement without dishonorable discharge, is tried for a further offense and sentenced to confinement without dishonorable discharge, the period of confinement imposed by the second sentence will be executed upon the expiration of the period of confinement imposed by the first; but if the second sentence imposes confinement with dishonorable discharge, the period of confinement on the first sentence will terminate upon the date of the approval of the second sentence, leaving to be executed only the confinement imposed by the second sentence."

[6] Sanford v. Robbins, 5 Cir., 115 F. 2d 435.

also a fifteen-year sentence for other felonies. The recommendation of the board is to the effect that only so much of the life sentence that exceeds thirty years be remitted.

The President acted and approved the recommendation as made by the clemency board.

The second general court martial No. 339, which sentenced appellant to a term of imprisonment of fifteen years, had jurisdiction to try the offender for the offense, and the sentence was one the court under the law could pronounce.

The appellant, now in lawful custody, is not eligible to be released.

The judgment of the lower court should be, and is, affirmed.