**MOSHER v. HUNTER.**

No. 2893.

Circuit Court of Appeals, Tenth Circuit.

July 3, 1944.

Rehearing Denied Aug. 17, 1944.

Coleman Hayes, of Oklahoma City, Okl., for appellant.

Eugene W. Davis, of Topeka, Kan. (George H. West, of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

In February 1920, appellant, a soldier in the United States Army of Occupation, was tried by a general court-martial for murder in violation of the 92nd Article of War, 10 U.S.C.A. § 1564.

He was found guilty and sentenced to life imprisonment and dishonorably discharged. On May 23, 1920, while in the custody of the military authorities awaiting final approval of his sentence, appellant escaped and committed robbery in violation of the 96th and 93rd Articles of War, 10 U.S.C.A. §§ 1568, 1565. On June 19, he was again tried by a General Court-Martial, found guilty and sentenced to fifteen years imprisonment.

On May 24, 1920, the Commanding General issued an order approving the life sentence and dishonorable discharge, designating Leavenworth Penitentiary as the place of confinement. This order recited "the sentence will be directed in orders as of this date after the record of trial has been reviewed in the office of the Judge Advocate General or a branch thereof and jurisdiction retained to take any additional or corrective action that may be found necessary prior to or at the time of the publication of the court-martial order". On July 23, 1920, the life sentence was finally approved by the appropriate reviewing authority and execution ordered as of May 24, 1920, and on the following October 15, the fifteen year sentence was finally approved by the reviewing authority and execution ordered as of July 17, 1920. In the meantime, and on August 16, 1920, appellant was committed to the Federal Penitentiary at Leavenworth, Kansas.

On April 15, 1924, the President commuted the life sentence to thirty years and the appellant completed the sentence as commuted on July 18, 1940. By this proceeding in habeas corpus he now contends that the fifteen year sentence imposed by the military court, effective July 17, 1920, is void and he is entitled to be released from further custody on the grounds that

since he was dishonorably discharged by a previous sentence on May 24, 1920, he was not thereafter subject or amenable to military law, consequently the military court had no jurisdiction to try him or impose punishment· after his formal separation from military service.

The trial court held that all the contentions of the petitioner had been raised in a former proceedings and finally adjudicated by this court in Mosher v. Hudspeth, 123 F.2d 401, certiorari denied 316 U.S. 670, 62 S.Ct. 1039, 86 L.Ed. 1745, wherein we held that when on May 23, 1920, the appellant escaped from the custody of the military authorities he was at that time a military prisoner under sentence adjudged by court-martial and "that military prisoners held for punishment for previous sentences were subject to military law and trial by court-martial for offenses committed during such imprisonment". This holding is amply supported by the authorities cited and it is decisive of all the contentions raised by this appeal, however since we are again urged to specifically decide on what date the appellant became officially separated from the military service by force of the first judgment and sentence of the court-martial we deem it appropriate to particularize the immateriality of that particular question in the light of our decision in the former case.

▉ It is generally true, as contended, that courts-martial jurisdiction is coexistent and coterminous with military service and ceases upon discharge or other separation from such service (Sec. 10, Chap. 4, Manual of Courts-Martial U. S. Army, 1928), and it does not extend to offenses committed against military law by those who are subsequently discharged or otherwise separated from such military service, unless courts-martial jurisdiction first attached before separation from the service, in which event jurisdiction continues until fully exhausted. Carter v. McClaughry, 183 U.S. 365, 383, 22 S.Ct. 181, 46 L.Ed. 236; Ex parte Wilson, D.C., 33 F.2d 214. Cf. Ex parte Clark, D.C., 271 F. 533. Furthermore, all persons under sentence adjudged by a court-martial are subject to military law (2nd Article of War, subsection (e) 10 U.S.C.A. § 1473(e), and are therefore within the jurisdiction of courts-martial for offenses committed against military law. This is true although his military service ceased before jurisdiction attached

and before trial and sentence. Carter v. McClaughry, supra; Kahn v. Anderson, 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469, and Mosher v. Hudspeth, supra. It is thus clear that the date of the finality of his dishonorable discharge is immaterial since when on May 23, 1920, appellant escaped from the custody of the military authorities he had been tried, convicted, and was "under sentence adjudged by courts-martial", hence within courts-martial jurisdiction for offenses committed during this time.

The judgment is affirmed.