**Raymond D. YOUNG, Appellant,**

v.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 6470.**

United States Court of Appeals
Tenth Circuit.

Oct. 5, 1960.

Clayton M. Davis, Topeka, Kan., filed brief for appellant.

Wilbur G. Leonard, U. S. Atty., Topeka, Kan., and Roy M. Sullivan, Jr., Lieutenant Colonel, USAF, Office of The Judge Advocate General, Dept. of the Air Force, Washington, D. C., filed brief on behalf of the appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court for the District of Kansas denying to appellant the privilege of prosecuting a petition for habeas corpus without prepayment of fees or costs. Petitioner below is a military prisoner presently confined in the United States Penitentiary at Leavenworth. From the allegations of the petition it appears that petitioner, while serving as an enlisted airman in the United States Air Force, was convicted of two separate military offenses. The sentence imposed by court martial for the first offense included both confinement and dishonorable discharge and was imposed in June 1954. Thereafter in October 1954 petitioner was tried and convicted of the second and more serious military offense and again sentenced to both confinement and dishonorable discharge. In December 1954, he was dishonorably discharged from the Air Force pursuant to the direction of the first sentence. Petitioner now asserts that on and after the date of his discharge he was a civilian and the military was without jurisdiction to execute the second sentence, an event that occurred in May 1955 after routine appellate review of the sentence and conviction. Having now completely served the first (but not the second) sentence, petitioner asserts he is unlawfully detained, citing United States ex rel. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8, and companion cases.

It is apparent that petitioner was within military jurisdiction at the time of the second offense, his trial therefor, and the imposition of sentence after conviction. The fact that he was discharged pursuant

to the earlier sentence before jurisdiction upon the second offense was fully exhausted is without significance. See Mosher v. Hunter, 10 Cir., 143 F.2d 745. Petitioner was denied no right by the District Court and would have availed himself nothing by proceeding.

Affirmed.